11526

### STATE v. DAVIS

#### (123 S. E., 320)

1. HOMICIDE—EVIDENCE HELD TO SUSTAIN RULING REFUSING NEW TRIAL.—In a prosecution for murder, evidence *held* to sustain trial Court's ruling refusing a new trial after a conviction of manslaughter, notwithstanding alleged conflicts between dying declarations and defendant's testimony.

2. CRIMINAL LAW—COUNSEL'S REMARKS IN ADDRESSING JURY NOT OBJECTED TO WHEN MADE HELD NOT TO REQUIRE NEW TRIAL.—In a prosecution for murder, counsel's remark in addressing jury on State's behalf that homicide occurred in a lawless community, to which no objection was made at time of argument, *held* not to require new trial, in view of instructions.

Before JOHNSON, J., Abbeville, September, 1923. Affirmed.

Newt Davis was convicted of manslaughter and he appeals.

The counsel that first addressed the jury on behalf of the State in the course of his remarks stated that the homicide occurred in a lawless community.

The trial Judge's grounds for refusing a new trial were stated as follows:

"Counsel who has addressed the Court on the motion stresses the conflict between the dying declaration of the deceased and the testimony of the defendant on the stand. This naturally raised a question for the jury, so much so that able counsel representing the defendant made no motion for the direction of a verdict for lack of evidence at the conclusion of the testimony. The jury might have predicated their verdict in this case upon the testimony of the defendant alone, on the question of the necessity of taking human life, or the apparent necessity. The defendant made no effort whatever to show that he might not have saved himself from death or serious bodily harm by striking the deceased with the pistol in this hand rather than shooting him. The testimony is not convincing that there was a necessity in this particular case to take human life to warrant the Court in setting aside the verdict.

"So far as concerns the argument of counsel that the jury did not believe the testimony contained in the dying declaration, it is impossible for the Court or counsel to know whether or not that be correct, for the jury may have believed the testimony of the dying declaration and nevertheless have found a verdict of manslaughter, and one cannot complain where he was convicted of a lesser offense than he should have been convicted of.

"The facts and circumstances surrounding this homicide, taken in connection with the dying declaration of the deceased that he was shot without cause and in an entirely

different place than that testified to by the defendant, was sufficient to warrant an inference that the homicide did not occur where the defendant states that it did occur. This is the only case I ever heard of where one white man was shot by another in the immediate vicinity of several other white men, and he was packed in an automobile and sent to a doctor with two negroes. And the jury might have inferred from that alone that the witnesses on behalf of the defense were not telling the truth when they said it occurred at a place different from that stated by the deceased. It is unusual for a white man to be shot down and other men in the vicinity not go to it. So I say all the facts and circumstances surrounding the homicide in connection with the dying declaration of the deceased may have caused the jury to disregard the testimony of the defendant and have believed the testimony of the State. And, if the jury, believing that testimony, found the defendant guilty of a lesser offense than he should have been convicted of, he cannot complain.

"As to the remarks of counsel that first addressed the jury on behalf of the State: No objection or exception was made to this argument at the time, and no motion to direct a verdict of not guilty or to withdraw the case from the jury or to declare a mistrial on account of the conduct of counsel for the state. The Court was very careful to instruct the jury that their only concern was whether or not the defendant in this case was guilty as charged in the indictment, and repeatedly charged the jury that they could render an honest verdict only from the testimony adduced on the witness stand in open Court, and frequently cautioned the jury that every reasonable doubt should be resolved in favor of the defendant, and that if it came to the point as to where there was a doubt whether he was guilty of murder or manslaughter they should resolve that doubt in his favor, and convict only of manslaughter.

"The motion is refused."

2—S. C. R., 129.

*Messrs. Moore & Cox,* for appellant, cite: *Court should of its own motion check any departure from the record:* 86 S. C., 374.

*Mr. H. S. Blackwell, Solicitor,* for the respondent.

June 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment for murder; conviction of manslaughter, and sentence seven years' imprisonment. The appeal involves only the correctness of the presiding Judge's order refusing a new trial, which will be reported. His reasonings and conclusions are satisfactory to the Court, and the order is accordingly affirmed.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.